Jacob Shisha
TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff
29 Broadway
New York, NY 10006
Tel. (212) 962-1590
Fax. (212) 385-0920

Lawrence N. Curtis
LAWRENCE N. CURTIS, LTD.
Attorneys for Plaintiff
300 Rue Beauregard, Bldg. "C"
Post Office Box 80247
Lafayette, Louisiana 70598
Tel. (337) 235-1825
Fax. (337) 237-0241

**08 CV 4246**

**JUDGE JONES**



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ANTHONY LOPEZ

        Plaintiff,

-against-

CUNARD LINE, LTD.
d/b/a CUNARD LINE CRUISES,
CUNARD, plc, CARNIVAL
CORPORATION, d/b/a
CARNIVAL CRUISE LINES and
CARNIVAL, plc

        Defendants

-----------------------------------------------------------X

08 Civ

COMPLAINT

### SEAMAN'S ACTION UNDER RULE ALLOWING FILING OF ACTION WITHOUT PREPAYMENT OF FEES

Plaintiff by his attorneys, TABAK, MELLUSI & SHISHA, LLP and LAWRENCE N. CURTIS, LTD., complaining of Defendants, respectfully states and alleges upon

1

information and belief as follows:

1.   This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears. This is an admiralty or maritime claim within the meaning of Rule 9(h).

2.   Lopez, age 43, (DOB: 1/12/65) is a person of the full age of majority and a resident of India, domiciled at A/304 Sterling Apartments, Church Kolivery Lane, Kalina, Santacruz (East), Mumbai 400098 India.

3.   Cunard Line, Ltd. d/b/a Cunard Line Cruises, Cunard, plc, Carnival Corporation d/b/a Carnival Cruise Lines, Carnival, plc are thought to be a foreign corporation, authorized to do and doing business in the State of New York.

4.   That, at all times material hereto, Cunard, personally or through an agent(s):

   a.   operated, conducted, engaged in or carried on a business venture in the State of New York or had an office or agency in this state;

   b.   was engaged in substantial activity within this state;

   c.   operated vessels in the waters of this state;

   d.   committed the acts set out in this Complaint, either in whole or part in this state.

5.   That, at all times relevant herein, Cunard owned, operated, managed and controlled the *Queen Mary 2*. The *Queen Mary 2* is a cruise ship, 1,132 feet in length, 135 feet in beam, 32 feet 10 inches in draft and 236.2 feet (Keel to Funnel).

6.   That, at all times relevant herein, Lopez was a direct employee, borrowed servant, joint employee, or sub-agent of Cunard.

7.   That, at all times relevant herein, Lopez was assigned to work on, with

and aboard the *Queen Mary 2.*

8.  That, at all times mentioned herein, Lopez performed his work as a security office on the *Queen Mary 2* and contributed to its mission and purpose.

9.  That, on or about Friday, May 6, 2005, while the Queen Mary 2 was in New York Harbor, Lopez, while in the course of his employment, and pursuant to orders, was caused to suffer serious and permanent injuries and damage when he was caused to slip down and fall injuring his right lower extremity including his right knee.

10. That, the injuries suffered by Lopez were caused by Cunard's negligence and/or the unseaworthiness of the *Queen Mary 2.*

11. That, by reason of the negligence of Cunard and the unseaworthiness of the *Queen Mary 2*, Lopez sustained serious and permanent injury to his body and limbs, including, among other things, meniscus tear to the right knee, as well as psychological and psychic damage, the full extent of which has not yet been determined; that he has been incapacitated from his work and still prevented from pursuing his ordinary occupation and still and will continue to be incapacitated for sometime to come; that his ability to perform work has been and will be as a result of said injuries greatly lessened, diminished and affected; that his ability to engage in recreational activities, has been as a result of said injuries, lessened, diminished and affected; that the injury to his right knee which has caused and will cause a loss of strength in the right lower extremity; that Lopez is informed and believes that the injuries which he suffered as a result of the negligence of Cunard and the unseaworthiness of the *Queen Mary 2* are permanent and create a condition which

seriously and permanently affects his general health and will cause disability and seriously interfere with his enjoyment of life; that he has required and may require in the future medical treatment as a result of said injuries and that Lopez is informed and believes that he has been otherwise permanently injured and that he has become and remains seriously disabled.

12. That, as a consequence of the foregoing, Lopez has suffered, is suffering and will continue to suffer damages, including, without limitation, past and future physical and mental pain and suffering, past disability and permanent future disability, loss of wages, loss of earning capacity, loss of enjoyment of life and past and future medical expenses in the amount of not less than ONE MILLION TWO HUNDRED FIFTY and NO/100 ($1,000,000.00) DOLLARS.

13. That, Lopez also brings this action for maintenance and cure, because he became sick and disabled while in the service of the *Queen Mary 2,* and therefore claims that he is entitled to maintenance and cure for the period of his disability. Furthermore, Cunard has acted arbitrarily and capriciously in its failure to provide Lopez with prompt and proper maintenance and cure and, therefore, Lopez is also entitled to an award of attorney's fees which he has incurred and will incur in asserting his right to receive maintenance and cure. The amount due and to become due to Lopez, because Cunard has failed and/or refused to pay prompt and proper maintenance and cure is TWO HUNDRED FIFTY THOUSAND AND NO/100 ($250,000.00) DOLLARS as nearly as can now be estimated.

WHEREFORE, Lopez prays that Cunard be served with a copy of the this Seaman's Complaint for Damages and that they be duly cited to appear and answer

herein; that after the lapse of all legal delays and due proceedings had, there be judgement in favor of Lopez and against Cunard in the full and true sum of ONE MILLION and NO/100 ($1,250,000.00) DOLLARS, together with legal interest from the date of incident until paid for all costs of these proceedings.

TABAK, MELLUSI & SHISHA, LLP
Attorneys for Plaintiff

BY: _____

JACOB SHISHA (JS 5452)

and

LAWRENCE N. CURTIS, LTD.
Attorneys for Plaintiff
Lawrence N. Curtis (LA Bar Roll 4678)