**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
ANTHONY LOPEZ

          Plaintiff,

     -against-                        **Docket No.: 1:08-cv-04246-BSJ-JCF**

CUNARD LINE, LTD.
d/b/a CUNARD LINE CRUISES,
CUNARD, plc, CARNIVAL               **NOTICE OF MOTION**
CORPORATION, d/b/a
CARNIVAL CRUISE LINES and
CARNIVAL, plc

          Defendants.
--------------------------------------------------------------X

     PLEASE TAKE NOTICE that on a date and time to be fixed by the Court, as directed by the

individual practices of the Honorable Barbara S. Jones, the undersigned, Bennett, Giuliano,

McDonnell & Perrone, LLP, attorneys for Defendants, Carnival plc, Carnival Corporation and

Cunard Celtic Hotel Services, Ltd. (hereinafter "Celtic"), will apply to the Honorable Barbara S.

Jones, United States District Judge, United States District Court for the Southern District of New

York, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New

York for an order dismissing the Plaintiff's complaint against Carnival, plc and Celtic.

     Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3),

and 12(b)(6) for dismissal of the Plaintiff's First complaint based upon the express terms of the

"Terms and Conditions of Service Relating to Employees Serving in Cunard Line Ships: Hotel and

Entertainment Department" which contains a forum selection clause that requires all suits arising

from personal injuries suffered by crewmembers to be brought exclusively in the United Kingdom's

English Courts.

     Defendants shall rely upon the Declaration of Counsel, Declaration of Cunard Celtic Hotel

Services, Ltd. by Benny C. B. Lee, Declaration of Carnival, plc by Frank Prowse, and the memorandum of law submitted herewith in support of its motion.

Pursuant to Federal Rules of Civil Procedure and Local Court Rule 6.1, answering papers, if any, must be delivered to counsel for the Defendants on or before September 4, 2008.

To:    Jacob Shisha, Esq.                      Lawrence N. Curtis, Esq.
       Tabak, Mellusi & Shisha, LLP            Lawrence N. Curtis Ltd.
       Attorneys for Plaintiffs                Attorneys for Plaintiff
       29 Broadway                             300 Rue Beauregard, Bldg. "C"
       New York, New York 10006                Post Office Box 70598
                                               Lafayette, Louisiana 70598

Dated: New York, New York
       August 18, 2008

By: _____
       Joseph J. Perrone (JP 6832)
       E-mail: jperrone@bgmplaw.com
       Matthew J. Cowan (MC 1481)
       E-mail: mcowan@bgmplaw.com
       Bennett, Giuliano, McDonnell & Perrone, LLP
       Attorneys for Defendants
       Carnival plc, Carnival Corporation and Cunard
       Celtic Hotel Services, Ltd.
       494 Eighth Avenue, 7th Floor
       New York, New York 10001
       Tel: (646) 328-0120
       Fax: (646) 328-0121

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
ANTHONY LOPEZ

                              Plaintiff,

         -against-                              **Docket No.: 1:08-cv-04246-BSJ-JCF**

CUNARD LINE, LTD.
d/b/a CUNARD LINE CRUISES,
CUNARD, plc, CARNIVAL                           **DECLARATION OF COUNSEL**
CORPORATION, d/b/a
CARNIVAL CRUISE LINES and
CARNIVAL, plc

                              Defendants.
-----------------------------------------------------------X

         Joseph J Perrone, an attorney-at-law and a member of the bar of this Honorable Court,

declares the following to be true under penalty of perjury:

         1.       I am a member of the bar of this Court and an Partner at the firm of Bennett,

Giuliano, McDonnell & Perrone, LLP, attorneys for Defendants, Carnival plc, Carnival

Corporation and Cunard Celtic Hotel Services, Ltd.

         2.       The facts of this case are set forth in the accompanying memorandum of law.

         3.       I submit this declaration in support of Carnival plc and Celtic's motion to dismiss

the Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2),

12(b)(3) and 12(b)(6) on the grounds that this Court lacks jurisdiction over the subject matter,

and for such other and further relief as this Court deems just and proper

         4.       As explained in the accompanying memorandum of law in support of Defendants'

motion to dismiss pursuant to the above-referenced Federal Rules of Civil Procedure, this Court

lacks jurisdiction based upon the "Terms and Conditions of Service Relating to Employees

Serving in Cunard Line Ships: Hotel and Entertainment Department" which contains a forum

selection clause that requires all suits arising from personal injuries suffered by crewmembers to be brought exclusively in the United Kingdom's English Courts.

5.     Annexed hereto as Exhibit A is a true and accurate copy of Plaintiff's First Amended Complaint.

6.     Wherefore, Defendants, Carnival, plc and Cunard Celtic Hotel Services, Ltd., respectfully request that this Court dismiss Plaintiff's action in its entirety, and for such other and further relief as this Court deems just and proper.


Dated: New York, New York
       August 18, 2008

_____
**Joseph J Perrone, Esq. (JP 8849)**
E-mail: jperrone@bgmplaw.com
Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Defendants
Carnival plc, Carnival Corporation and Cunard
Celtic Hotel Services, Ltd.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Tel: (646) 328-0120
Fax: (646) 328-0121

D836

Joesph J. Perrone (JP 6832)
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7ᵗʰ Floor
New York, New York 10001
Tel: 646-328-0120
Fax: 646-328-0121

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ANTHONY LOPEZ

               Plaintiff,

     -against-                       Docket No.: 08-CV-4246

CUNARD LINE, LTD.               Declaration of Cunard Celtic
d/b/a CUNARD LINE CRUISES,     Hotel Services, Ltd.
CUNARD, plc, CARNIVAL       **by Benny C. B. Lee -**
CORPORATION, d/b/a          **General Manager**
CARNIVAL CRUISE LINES and
CARNIVAL, plc

            Defendants.
-------------------------------------------------------------X

     **Benny C.B. Lee**, being first duly sworn, swear and states as follows:

     1.     I am a General Manager for Defendant, Cunard Celtic Hotel Services, Ltd. (hereinafter "Celtic"), and work in the Manning and Personnel Department.  I make this affidavit based upon my own personal knowledge and from the information and materials contained in Celtic's files.

     2.     I submit this Affidavit in support of Defendants' motion to dismiss the Plaintiff's complaint on the ground that this Court lacks jurisdiction over the matter based upon the forum selection clause which requires suit to have been brought exclusively in the United Kingdom's English Courts.

3.     Celtic is a Hong Kong corporation, with its principal place of business in Wanchai, Hong Kong.

4.     Celtic contracts with Carnival, plc to provide crewmembers to work on a number of Carnival, plc vessels, including the M/V QUEEN MARY 2.

5.     Celtic employs individuals to work as crewmembers.

6.     Plaintiff, Anthony Lopez, was an employee of Celtic, who entered into an Employment Agreement to work as a waiter on the Queen Mary 2. A copy of the Employment Agreement is attached hereto as Exhibit 1.

7.     The year-long contract between Celtic and Plaintiff commenced on March 9, 2005 and required Plaintiff "to abide by the terms and conditions applicable to [the] Employment Agreement."

8.     The terms and conditions referenced by Plaintiff's Employment Agreement are contained within Celtic's Terms and Conditions of Service Relating to Employees Serving in Cunard Line Ships: Hotel and Entertainment Department (hereinafter "Terms and Conditions"). A copy of the Terms and Conditions is attached hereto as Exhibit 2.

9.     Celtic provided Plaintiff with a copy of the Terms and Conditions prior to Plaintiff's signing the Employment Agreement and contracting to work as a crewmember for Celtic aboard the M/V QUEEN MARY 2.

10.    The Employment Agreement specifically incorporates the Terms and Conditions and is applicable to Plaintiff's employment.

11.    Section 26 of the Terms and Conditions, which is titled Personal Injury / Accident, states that "[a]ny disputes relating to or arising from personal injuries to Hotel



2

Services Staff during the currency of the Agreement will be governed by English Law and will be subject to the exclusive jurisdiction of the English Courts."

12.    At no time has Celtic agreed to waive the applicability of the United Kingdom forum selection clause.

I hereby declare under penalty of perjury that to the best of my knowledge, information and belief, that all of the foregoing is true and correct.

Dated: August 14th, 2008

Benny C. B. Lee
General Manager

3

# Exhibit 1

# EMPLOYMENT AGREEMENT

Cunard Celtic Hotel Services Ltd., (hereafter Employer), as agent for the ship named below, agrees to employ:

## ANTHONY LOPEZ

(hereafter Employee) in the capacity set forth below, and the Employee agrees to be so employed and to abide by the terms and conditions applicable to this Employment Agreement.

| Rank/Rating | | Name of Vessel | |
|---|---|---|---|
| WAITER/WAITRESS | | QUEEN MARY 2 | |
| Date of Engagement | Port of Engagement | Wages Commence from | |
| 09 March 2005 | NEW YORK, NY | 09 March 2005 | |
| Date of Birth | Last Name | First Name | |
| 12 January 1965 | LOPEZ | ANTHONY | |
| Nationality | Home Address | | Telephone Number |
| INDIA | A/304 STERLING APTS, KOLIVERY ROAD, KALIN, SANTA CRUZ (E), MUMBAI, 400098, INDIA | | 26662718 |

| Name and Address of Next of Kin | Telephone Number |
|---|---|
| KAREN LOPEZ SPOUSE SAME, , | ~~+919819686990~~ +919833019639 |

**Name and Address of Employer**

Cunard Celtic Hotel Services Ltd
21 A-B, Lockhart Center, 301-307, Lockhart Road, Wanchai, Hong Kong

**Wages/Overtime Pay and other conditions that may apply**

As quoted below and Terms and Conditions of Service

**Special conditions / other information including information concerning limitation of duty service**

Basic Wage per Month: 50.00  USD

Guaranteed minimum monthly income: 1500.00  USD (Based on 30 guest gratuity days)

In the event of overpayment, the company reserves the right to adjust on the next wage period.

Service period will be according to vacation schedule and Terms and Conditions of Service.

The employee is committed to participate in safety and statutory training as required, without additional compensation.

For specific terms, see Terms and Conditions of Service.

| Mutual period of notice | Contract End Date *    29 March 2006 |
|---|---|
| 14 or 30 Days As per Terms and Conditions of Service | *Subject to change, according to scheduling and operational requirements |

*I, the undersigned Employee, declare that I have read and understood the terms of this Agreement and that no verbal promises or other agreements have been made to me and that I cannot claim or am not entitled to any additional benefits of any kind whatsoever except those provided in this Agreement. I declare that the application for employment, previously filled out and signed, is true and correct in every respect, and that, as part of my employment agreement, I agree to abide by the conditions set forth in the ship's articles, the Code of Conduct and by such company and ship rules and regulations as are in effect during the period of this contract.*

Captain J.L.Kerr.

| Employees Signature | Date | For and on behalf of Cunard Celtic Hotel Services Ltd |
|---|---|---|

## CONTRACTUAL CLAUSES

THIS AGREEMENT is made between CUNARD CELTIC HOTEL SERVICES LIMITED

of 21A-B Lockhart Centre, 301-307 Lockhart Road, Wanchai, Hong Kong, ("the Employer") and each of the seaman whose name is included in the list of crew incorporated in this Agreement.

It is agreed that :-

.       The employer will employ each seaman and the seaman will serve in the capacity and at the rate of wages expressed against his name in the list of crew incorporated in this agreement.

..      The employment shall be in respect of a voyage or voyages within the limits of 80° north latitude and 60° south latitude for a period not to extend beyond the AS PER CONTRACTUAL AGREEMENT next unless on that date the ship is engaged on a voyage to a port in the United Kingdom in which case this Agreement shall end on the first return of the ship to a port in the United Kingdom after that date.

.       The employment may be terminated by notice given by either party to the other as follows:-

        (a)     In the case of a crew member employed for the first time by the employer, by not less than 14 days notice in writing given at any time.

        (b)     In any other case by not less than 30 days notice in writing given at any time. For the purposes of this clause, notice may be given to or by the employer's authorized representative's

..      The employment shall be subject to the terms and conditions of employment of Cunard Celtic Hotel Services Limited as amended from time to time, which shall be deemed to be incorporated herein. The terms and conditions shall be those contained for the time being in the manual of terms and conditions of Cunard Celtic Hotel Services Limited: a copy of the terms and conditions currently in force is appended hereto.

:.      Wages will not accrue for any hours during which a seaman refuses or neglects to work when required or is absent without leave or for any period during which a seaman is incapable of performing his duties by reasons of illness or injury which has been caused by his own willful act or default.

:.      In relation to an individual seaman this Agreement may be terminated:-

        (a)     by mutual consent;

        (b)     if medical evidence indicates that a seaman is incapable of continuing to perform his duties by reason of illness or injury;

        (c)     by appropriate notice in accordance with the terms of this Agreement;

        (d)     if, in the opinion of the employer's authorized representative's, the continued employment of the seaman would be likely to endanger the ship;

        (e)     if a seaman, having been notified of the time the vessel is due to sail, is absent without leave at the time fixed for sailing and the vessel proceeds to sea without him or if substitutes have been engaged. Substitutes shall not, however, be engaged on a Crew Agreement more than 2 hours before the time fixed for sailing;

        (f)     if the employer is satisfied that a seaman has committed a serious breach of the employer's Code of Conduct for the time being in force.

7.      Each Seaman agrees :-

        (a)     to join the ship by the time specified by the employer's authorized representative's and subsequently during the period of his employment to rejoin the ship by the time specified by the said representative's;

        (b)     to submit to inoculation, vaccination and any other health precautions as may be directed by the employer's authorized representative;

        (c)     in the event of the employer becoming liable for any expenses under Section 26 of the Merchant Shipping Act 1970 to afford the employer every facility to prosecute in his name any claim in respect of such expenses and to allow the employer reasonable discretion in the conduct of any proceedings for the settlement of any claim in respect of such expenses;

        (d)     to take all steps within his power to preserve in good condition the equipment of the ship and all property on board;

        (e)     to return in good condition (fair wear and tear excepted) before the termination of his engagement, all articles provided for his personal use during the voyage by the employer;

        (f)     that all stores and provisions issued to the crew are only for use and consumption on board the ship and any unused or unconsumed stores or provisions remain the property of the employer;

        (g)     to comply with Cunard Celtic Hotel Services Limited's Code of Conduct for the time being in force;

        (h)     to keep his quarters clean and tidy and in readiness for inspection by the employer's authorized representative's; and

                at the time when a seaman finally leaves the ship at the termination of his employment under this Agreement, to leave his quarters in a clean and orderly condition to the satisfaction of the employer's authorized representative's. When he is ready to leave the ship, the employer's authorized representative's shall, on request made by the seaman issue to the seaman a certificate that the quarters are clean;

8.      In this Agreement the expression "employer's authorized representative's" shall include the Master and any officer debuted by him.

# Exhibit
# 2

CUNARD CELTIC HOTEL SERVICES LIMITED

_____

# TERMS AND CONDITIONS OF SERVICE
# RELATING TO EMPLOYEES
# SERVING IN CUNARD LINE SHIPS:
# HOTEL AND ENTERTAINMENT
# DEPARTMENT

1

**CUNARD CELTIC HOTEL SERVICES LIMITED**

**TERMS AND CONDITIONS OF SERVICE**
**RELATING TO EMPLOYEES**
**SERVING IN CUNARD LINE SHIPS:**
**HOTEL AND ENTERTAINMENT DEPARTMENT**

**INDEX**

1.  THE EMPLOYER
2.  CREW AGREEMENT
3.  DISCIPLINARY PROCEDURE
4.  DUTIES AND RESPONSIBILITIES
5.  MASTER'S STANDING ORDERS
6.  MANNING LEVELS
7.  CONTRACT PERIOD
8.  FURTHER PERIODS OF EMPLOYMENT/RETIREMENT
9.  REMUNERATION
10. HOURS OF WORK
11. TIME OFF AT SEA AND IN PORT
12. COMPASSIONATE REPATRIATION
13. TRAVEL ARRANGEMENTS
14. ACCOMMODATION
15. PROPERTY AND EQUIPMENT
16. APPEARANCE, PERSONAL CLEANLINESS AND HYGIENE
17. CLOTHING/UNIFORM
18. LAUNDRY
19. INSURANCE OF EFFECTS
20. HEALTH /SAFETY/ENVIRONMENTAL COMPLIANCE
21. FIRE AND EMERGENCY DRILLS
22. TRAINING
23. HEALTH REQUIREMENTS
24. MEDICAL EXPENSES
25. DEATH
26. PERSONAL INJURY/ACCIDENT
27. TRADE UNION REPRESENTATION
28. NO STRIKE PROVISION
29. CONFIDENTIALITY
30. BEHAVIOUR

2

**CUNARD CELTIC HOTEL SERVICES LIMITED**

TERMS AND CONDITIONS OF SERVICE
RELATING TO CUNARD CELTIC HOTEL SERVICES LIMITED
EMPLOYEES SERVING ON BOARD CUNARD LINE SHIPS
IN HOTEL DEPARTMENT

1.    **THE EMPLOYER**

The employer, Cunard Celtic Hotel Services Limited, is a Hong Kong corporation whose registered address is at :

21 A-B Lockhart Centre
301-307 Lockhart Road
Wanchai
Hong Kong

2.    **CREW AGREEMENT**

In the case of service on ships which are British registered, it is a requirement under the UK Merchant Shipping Act 1995 that employees sign a Crew Agreement on joining and are required to observe all other requirements of the Merchant Shipping Acts for the time being in force.  This is a legally binding document which establishes a Contract of Employment between the Employer and the Crew member and which will incorporate these terms and conditions as amended from time to time.

a)    Referring to Paragraph 3 of the Crew Agreement, which contains a clause relating to notice required for termination of employment, please note following additional clause:
Crew Members during their first contract with Cunard Celtic Hotel Services Limited are required to give in writing not less than 14 days notice, and for all subsequent contracts 30 days notice.   If any crew member leaves the ship without giving proper notice, the UK Merchant Shipping (Seaman's Wages and Accounts) (Amendment) Regulations 1999 allows Cunard Celtic Hotel Services Limited to deduct an amount up to £300 from your wages to cover actual expenses incurred by Cunard Celtic Hotel Services Limited by such improper notice given.

3

## 3. DISCIPLINARY PROCEDURE

All crew members are required to adhere to the Company Code of Conduct which forms part of the Crew Agreement, as a condition of employment. The Company Code of Conduct incorporates the UK Code of Conduct for the Merchant Navy, and full details of this are displayed on crew notice boards and are also available from the Crew Office. The procedure under which breaches are dealt with is explained within the Company Code of Conduct and employees should be aware that discharge from the ship by the Master before the expiry of their contract period could result in their having to contribute towards the cost of their repatriation.

### The UK Merchant Shipping (Seamen's Wages and Accounts) (Amendment) Regulations 1999

In accordance with these regulations, it is possible for the employer to deduct an amount up to a maximum of £300 from the wages of crew members to cover "the actual expense or pecuniary loss incurred or sustained by the employer" as a result of a breach of the individual's obligations under the Crew Agreement. Instances of where this might apply are:

a)    Failure to join the ship and subsequently, during the period of employment, to rejoin it by the time specified.

b)    Failure to take all steps to preserve in good condition the equipment of the ship and the property on board.

c)    Failure to return in good condition articles provided by the employer for the individual's personal use.

## 4. DUTIES AND RESPONSIBILITIES

To be successful, the ship must offer the highest possible standards of service to its guests.    Every individual has a responsibility to ensure that he/she fulfils his/her duties to the best of his/her ability.    The required standards must be met and all Company regulations complied with.

4

5.  **MASTER'S STANDING ORDERS**

On each ship certain standing instructions are issued. Cunard Celtic Hotel Services Limited requires you to comply with these. Failure to comply will be dealt with as a breach of the Company Code of Conduct.

6.  **MANNING LEVELS**

The manning of the Hotel department is in accordance with the needs of guest services as required by Cunard Celtic Hotel Services Limited and may vary accordingly.

All statutory requirements must be met, including in-port safe minimum manning.

7.  **CONTRACT PERIOD**

The period of engagement or tour of duty, except as indicated in the following paragraph, is normally for a maximum of six months.

During this time employees must be prepared to transfer and serve in any ship as required by Cunard Celtic Hotel Services Limited.

In the event that any ship is withdrawn from service for whatever reason and no alternative employment is available to enable normal completion of the contract period, one month's consolidated wages will be paid as compensation for premature discharge, if the required contractual notice period is not given.

8.  **FURTHER PERIODS OF EMPLOYMENT/RETIREMENT**

Crew Members who are required for further tours of duty will be engaged under and required to sign a new Crew Agreement when rejoining the ship.

The normal retirement age for Cunard Celtic Limited Hotel Services Limited employees is 65 years.

9.  **REMUNERATION**

a)  **Pay**

For U.S. resident employees, tax will be deducted through a shore-based U.S. payroll.

For all other employees , unless Cunard Celtic Hotel Services Limited is otherwise required by any law or agreement with a ship owner, pay shall be on a gross remuneration basis monthly, with no deduction for UK or any other country's Tax, Social Security or Pension Contributions, which are the individual's own responsibility. There is no holiday entitlement and, therefore, no remuneration between contracts.

b)  **Excess Hours Payments**

Cruising is a 7-day week operation and the Consolidated Monthly Rate of Pay applicable to the position employed in includes compensation for all hours worked up to a cumulative total of 140 within a 14-day period, including weekends and public holidays. For agreed positions, hours worked in excess of 140 within a 14-day period are compensated at the indicated Excess Hour Rate. Employees are issued with a form to record daily work and rest hours which is finalised each month and any compensation due is credited to wages on board.

c)  **Tipping Recommendation**

Guests will be advised of the recommended levels of gratuities that are appropriate.

d)  **Guaranteed Monthly Minimum**

For gratuity earning personnel, in addition to the consolidated monthly pay, income from gratuities/ service charge will be made up to a guaranteed monthly minimum, pro-rata.

Whilst on board, in the event of any of the following circumstances occurring, the minimum monthly guarantee income for gratuity earning positions will apply, as specified on the individual contract of employment.

i)   Accident, or illness certified by the ship's Doctor

ii)  Cancellation of a voyage

6

iii) The number of passengers being serviced falling to a level that will not generate sufficient gratuities to make up a total of the monthly minimum guarantee.

e)  **Food and Accommodation**

There is no deduction from pay for the cost of food and accommodation provided.

f)  **Periods of less than one month**

Pay for broken periods under this Contract of less than one month is calculated on the basis of one thirtieth of the rate per month for each day served.

g)  **Commencement and Termination of Pay**

Pay commences on the day of joining the ship.

On signing off the Crew Agreement, pay ceases on the day of leaving the ship.

h)  **Method of Payment**

Wages are paid by Cunard Celtic Hotel Services Limited monthly in arrears in US dollars by the Cunard Celtic Hotel Services Limited representative on board (Asst. Crew Purser – Payroll)

Cash advances against earned wages may be taken on designated days as specified by the Crew Purser.

Facilities are available for crew members to remit a monthly money wire transfer to a bank account of their choice, and all employees are advised to take advantage of this. As no balances of wages may be carried forward to the next month, all balances of wages are paid out at the end of each month.

i)  **Non-Accrual of Wages**

It should be noted that, in accordance with Clause 5 of the Crew Agreement, wages will not accrue for any hours which the employee refuses or neglects to work when required or is absent without leave or

7

for any period during which he/she is incapable of performing his/her duties by reason of illness or injury which has been caused by his/her own wilful act or default.

## 10. HOURS OF WORK

On joining the ship, employees are issued with details of the normal daily working routine, which in the main is based on a 10-hour day.   This routine may vary according to guest service needs and in particular can differ greatly when the ship is in port.  Cunard Celtic Hotel Services Limited adheres to the ILO Working Hours/Rest Hours regulations currently in force.

## 11. TIME OFF AT SEA AND IN PORT

Time off is granted by ship's management where guest services, operational and safety requirements permit.

## 12. COMPASSIONATE REPATRIATION

In the event of serious illness/bereavement of registered next of kin and providing Cunard Celtic Hotel Services Limited is satisfied that the presence of the individual at home is essential, the contract can be terminated prematurely and repatriation arranged at the expense of Cunard Celtic Hotel Services Limited. Any change of next-of-kin must be advised in writing, to both the Crew Purser on board and to the Fleet Personnel department.

Requests for repatriation in the event of serious illness/bereavement of close family members other than next-of-kin, will be considered, however the cost of any such repatriation will be at the expense of the employee.

Employees are encouraged to join the ship's 'Fly Home Fund' details of which are available from the Crew Office.

## 13. TRAVEL ARRANGEMENTS

a) It is a requirement to be in possession of a valid passport due to expire no earlier than nine months after the commencement of the contract.

The cost of obtaining a U.S. Seaman's C1/D visa at the time of first employment is the responsibility of the employee.

8

All travel costs related to obtaining any visa are the responsibility of the employee.

Details will be provided of any additional visas required and how these may be obtained.

It is a condition of employment that all Cunard Celtic Hotel Services Limited employees are in possession of a valid U.S.Seaman's C1/D visa, unless an individual is of U.S. or Canadian nationality.

b) Reasonable expenses incurred travelling by public transport to/from the nominated departure airport specified at time of recruitment, to join/leave the ship are met by Cunard Celtic Hotel Services Limited. -All expenses are re-imbursed through the payroll.

However, in the event of premature discharge of an individual due to a breach of any of the terms of the Crew Agreement or Cunard Celtic Hotel Services Limited's Terms and Conditions of Service (including the Company Code of Conduct ), Cunard Celtic Hotel Services Limited will recover a contribution towards the cost of repatriation by deducting from an individual's wages an amount equal to the actual expense of his/her repatriation, but subject to the appropriate statutory limit for the time being in force.

c) Air travel is normally by discounted Economy Class on scheduled airlines or in charter aircraft , or as otherwise arranged by Cunard Celtic Hotel Services Limited.

d) The baggage allowance on international flights when travelling by air joining/leaving the ship is normally either:

   i) two pieces of hold baggage and one piece of cabin baggage (the hold baggage not exceeding a height, depth or width total of 106 ins. [265 cm] ): or

   ii) a total weight allowance of 88 lb. [40 kg] whichever is applicable.

e) No excess baggage charges are re-imbursed unless agreed with the company prior to travel.

f) Hotel accommodation will be provided by Cunard Celtic Hotel Services Limited at the port of joining/leaving where appropriate.

## 14. ACCOMMODATION

Accommodation on board is in shared cabins with shared showers and toilets, although some senior personnel may occupy single berth cabins.

9

All employees are required to keep this accommodation clean and tidy and periodic inspections will be made by the ship's senior officers in compliance with the UK Merchant Shipping (Crew Accommodation) Regulations 1997.

## 15. PROPERTY AND EQUIPMENT

In accordance with clauses 7 d), 7e) and 7f) of the Contractual Clauses of the Crew Agreement, all goods and/or equipment issued for use on board remain the property of Cunard Line and it is the individual's responsibility to ensure that this is returned in good order (fair wear and tear excepted) at the end of the contract period.

The Master or his representative may from time to time search accommodation and/or baggage for security reasons, and employees are required to fully co-operate with any such searches.

## 16. APPEARANCE, PERSONAL CLEANLINESS AND HYGIENE

It is imperative that the highest standards are maintained and employees are required to adhere to the Company's Uniform and Appearance Standards policy that is issued to them upon employment.

## 17. CLOTHING/UNIFORM

Employees are issued with the Company's uniform policy and requirements at the time of employment, and these must be adhered to at all times. Shoes, socks and stockings are to be provided by the individual crew member.

Those uniform items provided by the Company remain the property of the Company at all times.

Appropriate charges may apply for company issued uniform items, mislaid or wilfully damaged.

## 18. LAUNDRY

There is a free wash of uniform working clothes, and a subsidised wash for other personal items. Crew Launderette facilities are also available.

## 19. INSURANCE OF EFFECTS

Personal effects are only insured against total or partial loss or damage by Marine Peril, but in any other circumstances they are not covered. (Marine Peril is the wreck, loss, stranding or abandoning of the ship or the result of fire, flood or collision). The company's liability for total damage or loss will not exceed 3000 US Dollars, per individual claim.
The definition of effects includes clothes, documents, navigation and other technical instruments and tools necessary to the trade of the crew member, but does not include negotiables, cash or jewelry.
Crew members are recommended to have personal effects insurance cover for those situations that may occur other than Marine Peril, such as when travelling to and from the ship.

## 20. HEALTH , SAFETY AND ENVIRONMENTAL COMPLIANCE

In the case of UK Registered Ships, the procedures on board comply with the UK Merchant Shipping and Fishing Vessels (Health and Safety at Work) Regulations 1997.
All employees are required to wear safety clothing/equipment supplied by the Company as appropriate and failure to comply is a breach of the Company Code of Conduct and is in contravention of the UK Merchant Shipping and Fishing Vessels (Personal Protective Equipment ) Regulations 1999 .

All employees of Cunard Celtic Hotel Services Limited are required to comply with and familiarise themselves with the Company's Environmental Compliance Policy , details of which are available on board.
Failure to comply with this policy can result in disciplinary action which could lead to dismissal.

## 21. FIRE AND EMERGENCY DRILLS

All on board are required to attend drills in the use of firefighting and lifesaving equipment at intervals decreed in accordance with statutory

requirements. Attendance at drills is mandatory and does not qualify for excess hours payments.

## 22. TRAINING

**a)    Safety**

All employees may be required to attend courses on the use of firefighting and lifesaving equipment held either on board or ashore.

**b)    Other**

Attendance at any other courses required is obligatory. Attendance at training courses does not qualify for excess hours payments.

## 23. HEALTH REQUIREMENTS

In addition to meeting the statutory pre-employment medical standards, all employees must be prepared to be inoculated, vaccinated or take any other health precautions as may be required, by the Chief Medical Officer, and be periodically medically examined on board.

It is the individual's responsibility, and a condition of your employment with Cunard Celtic Hotel Services Limited to ensure that the statutory UK ENG1 medical fitness certificate issued ( or a U.K. Marine and Coastguard Agency recognised equivalent) is retained in his/her possession and is renewed on expiry.
This certificate must be valid for the duration of the total contract period.

It is a requirement that all employees familiarise themselves and adhere to the Drugs and Alcohol policy relating to employees serving in Cunard Line ships.
Details of this are available on board the ship, and should be read carefully.

## 24. MEDICAL EXPENSES

a)    Any emergency medical expenses incurred during the period of the Contract will be met by Cunard Celtic Hotel Services Limited in accordance with the UK Merchant Shipping Act 1995. This does not

12

include dental or optical treatment of a non-essential nature unless caused by accident or injury in the course of employment.

In cases where emergency dental treatment is considered necessary by the ship's Medical Officer , but is not due to accident or injury in the course of employment, any costs in excess of US $100.00 are to be met by the employee.

b)    Should an employee be landed from a ship medically unfit for duty Cunard Celtic Hotel Services Limited will pay all reasonable and necessary medical expenses plus any food, lodging, necessary relief and maintenance expenses in the port or the place where the employee is first landed medically unfit for service to the vessel, or until he/she is fit to be repatriated.   The ability to travel will be determined by the attending physician.

c)    Cunard Celtic Hotel Services Limited will pay additional medical expenses for a maximum of two months in the country of residence of the employee, providing those costs are reasonable and necessary and if the country does not provide free medical treatment.

The Company's liability does not include meeting the cost of hospitilisation and medical treatment incurred due to injuries caused by accidents when off duty ashore as a result of participating in extreme sports such as, but not limited to, para-gliding, jet ski-ing, water ski-ing, bungee jumping , quad biking etc. Any any such costs initially incurred by the company will be re-imbursed to the company by the employee.

Individuals are advised to take personal insurance cover should they be considering to pursue such activities.

d)    Cunard Celtic Hotel Services Limited will pay wages to an employee signed off sick or injured in service to the vessel for a maximum of three months or whenever declared fit for duty, whichever is soonest from the date the employee disembarks the vessel. Wages will be paid as follows:

Non Gratuity Earning Personnel : According to Wage Scale

Gratuity Earning Personnel: As per Monthly Minimum Guarantee Income

If sickness or injury continues for more than three months and the staff member is not fit to be repatriated, payment of wages will cease, but

13

payment for the staff member's food, lodging, necessary relief and maintenance expenses will continue under Paragraph 24b).

**Notes**

i)      Periods of less than one month are paid pro-rata.

ii)     The term "non-essential" refers to long-term treatment and not treatment of any emergency type which is necessary to prevent undue pain and discomfort for the person concerned to continue undertaking his/her duties.

e)    BUPA International Medical Cover  (Non UK Residents only)

Employees are recommended to consider obtaining medical insurance cover for those periods in between contracts when they are on vacation.
Details of the BUPA International scheme are available on board from the Crew Purser, however, this cover is not available to UK residents.

## 25. DEATH

a)    In the event of death during the period that the employee is signed on the ship's articles, whether as a result of injury or illness, all funeral costs will be met by Cunard Celtic Hotel Services Limited, including the return of the body to the country of residence if requested by the next of kin.  Arrangements will also be made for all personal effects to be returned.

b)    In case of death caused by an accident occurring on board the ship during the course of employment, or when travelling to join the ship or when travelling home from the ship, (but excluding death occurring, in whole or part, from the employee's negligence, wilful misconduct, suicide or presumed suicide, natural causes, disobedience of orders or instructions from superior officers or management, or any breach of the Code of Conduct) the amount of 48 basic monthly wages is due to the nominated beneficiary , or in the absence of a nominated beneficiary, to the legal beneficiary of the deceased crew member.

14

## 26. PERSONAL INJURY/ACCIDENT

Any disputes relating to or arising from personal injuries to employees during the currency of the Agreement will be governed by English Law and will be subject to the exclusive jurisdiction of the English Courts.

    a) In case of permanent/total invalidity caused by accident occurring on board the ship during employment, or when travelling to join the ship, or when travelling home from the ship, the amount of maximum 96 basic monthly wages is due to the crew member. Grade of invalidity to be determined by the company doctor's assessment.

This payment will not apply in cases of personal injuries caused as a result of accidents when participating in extreme sports such as, but not limited to, para-gliding, jet ski-ing , water ski-ing , bungee jumping , quad biking etc.

## 27. TRADE UNION REPRESENTATION

Whilst Cunard Celtic Hotel Services Limited has no objection to an individual being a member of a Trade Union, Cunard Celtic Hotel Services Limited does not recognise any Trade Union either for personal representation or for collective bargaining.

## 28. NO STRIKE PROVISION

It is a condition of employment that individual crew members shall not, either individually or collectively, strike or take part in any stoppage of work, go-slow, work-to-rule or industrial action of any kind whatsoever.  Any failure to observe this condition will be a serious breach of contract.  Without prejudice to any other remedy it may have, Cunard Celtic Hotel Services Limited shall be entitled to dismiss the individual in question.

15

## 29. CONFIDENTIALITY

Employees must not make any statements to the public or any section of the public (or communicate to the press, radio, television or film companies either orally or in writing), on any subject relating to the work, operations or business of Cunard Line without prior written approval of Cunard's Corporate Communications Department or the appropriate senior Executive.

## 30. BEHAVIOUR

All crew members working on Cunard Line ships are expected to represent the Company at all times in a manner which exemplifies Cunard Line's high standards. This includes behaviour on the ships, in transit to and from ships, and when ashore in port, on or off duty.

16

Joesph J. Perrone (JP 6832)
Bennett, Giuliano, McDonnell & Perrone, LLP
494 Eighth Avenue, 7th Floor
New York, New York 10001
Tel: 646-328-0120
Fax: 646-328-0121

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

ANTHONY LOPEZ

                    Plaintiff,

    -against-

                                          Docket No.: 08-CV-4246

CUNARD LINE, LTD
d/b/a CUNARD LINE CRUISES,
CUNARD, plc, CARNIVAL
CORPORATION, d/b/a
CARNIVAL CRUISE LINES and
CARNIVAL, plc

                                          Declaration of Carnival, plc
                                          by _____

                    Defendants.

-------------------------------------------------------X

**Frank Prowse**, being first duly sworn, swear and states as follows:

    1.    I am a Director of Fleet Personnel for Defendant, Carnival, plc. and work in the Fleet Personnel Department. I make this affidavit based upon my own personal knowledge and from the information and materials contained in Carnival, plc's files.

    2.    I submit this Affidavit in support of Defendants' motion to dismiss the Plaintiff's complaint on the ground that this Court lacks jurisdiction over the matter based upon the forum selection clause which requires suit to have been brought exclusively in the United Kingdom's English Courts.

    3.    Carnival, plc is an English corporation, with its principal place of business in London, England.

4.   Carnival, plc owns and operates the vessel M/V QUEEN MARY 2.

5.   Carnival, plc has contracted with Cunard Celtic Hotel Services, Ltd. (hereinafter "Celtic") for Celtic to provide crewmembers to work aboard the M/V QUEEN MARY 2.

6.   Carnival, plc and Plaintiff have not entered into a contract with one another.

7.   Carnival, plc does not and has not employed Plaintiff at any time.

8.   The contract between Celtic and Plaintiff governs any and all relationship the Plaintiff may have with Carnival, plc and its vessels, including the M/V QUEEN MARY 2

9.   Celtic's contract with Plaintiff requires any and all litigation involving his employment to be filed according to Section 26 of that employment contract, which provides "[a]ny disputes relating to or arising from personal injuries to Hotel Services Staff during the currency of the Agreement will be governed by English Law and will be subject to the exclusive jurisdiction of the English Courts."

10   At no time has Carnival, plc agreed to waive the applicability of the United Kingdom forum selection clause.

I hereby declare under penalty of perjury that to the best of my knowledge, information and belief, that all of the foregoing is true and correct.

Dated: August 15    , 2008

Personnel   __Frank    Prowse    –Director    Fleet
                      Person's Name
                      Person's Job Title

## <u>DECLARATION OF SERVICE BY ECF</u>

I HEREBY CERTIFY that a true and correct copy of the Defendants' Motion to Dismiss, Declaration of Counsel, Declaration of Cunard Celtic Hotel Services, Ltd. by Benny C. B. Lee, Declaration of Carnival, plc by Frank Prowse, and the memorandum of law have been electronically filed on August 18, 2008 with the Clerk of the Court by using the CM/ECF system.

By: _____

Matthew J. Cowan, Esq. (MC 1481)