D836

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
ANTHONY LOPEZ

      Plaintiff,

 -against-                            Docket No.: 1:08-cv-04246-BSJ-JCF

CUNARD LINE, LTD.
d/b/a CUNARD LINE CRUISES,
CUNARD, plc, CARNIVAL
CORPORATION, d/b/a
CARNIVAL CRUISE LINES and
CARNIVAL, plc

      Defendants.
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' CARNIVAL PLC'S AND CUNARD CELTIC HOTEL SERVICES, LTD'S MOTION FOR DISMISSAL

**Bennett, Giuliano, McDonnell & Perrone, LLP**
494 Eighth Avenue, 7th Floor
New York, New York 10001
Tel: (646) 328-0120
Fax: (646) 328-0121

Attorneys for Defendants
CARNIVAL PLC, CARNIVAL CORPORATION and
CUNARD CELTIC HOTEL SERVICES, LTD.

*-of Counsel-*

Joseph J. Perrone
Matthew J. Cowan

## INTRODUCTION

Defendants, Carnival plc (hereinafter "Carnival") and Cunard Celtic Hotel Services, Ltd. (hereinafter "Celtic"), submit this brief in support of their motion to dismiss the present action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6) on the grounds that this Court lacks jurisdiction over the subject matter based upon the forum selection clause which requires suit to have been brought exclusively in the United Kingdom's English Courts and which is contained in Celtic's "Terms and Conditions of Service Relating to Employees Serving in Cunard Line Ships: Hotel and Entertainment Department" (hereinafter "Terms and Conditions").

The parties are in the process of working out an agreement to dismiss, by stipulation, defendant Carnival Corporation, which has no direct involvement with Cunard Line (a subsidiary of Carnival, plc) or the m/v QUEEN MARY 2; and to further dismiss Cunard, plc, Cunard Line Ltd., and Cunard Cruise Lines, none of which are actual legal entities.

## SUMMARY STATEMENT OF FACTS

Plaintiff, Anthony Lopez, entered into an employment contract with Celtic to work as a waiter onboard the m/v QUEEN MARY 2. The year-long contract between Celtic and Plaintiff commenced on March 9, 2005 and required Plaintiff "to abide by the terms and conditions applicable to [the] Employment Agreement." See Declaration of Benny C. B. Lee (hereinafter "Lee Decl."), Exhibit 1. According to Section 26 of the Terms and Conditions, which is titled Personal Injury / Accident, "[a]ny disputes relating to or arising from personal injuries to Hotel Services Staff during the currency of the Agreement will be governed by English Law and will be subject to the exclusive jurisdiction of the English Courts." See Lee Decl., Exhibit 2.

1

This personal injury action involves Plaintiff Anthony Lopez's claim that he slipped and fell while walking through the crew area of the m/v QUEEN MARY 2 on May 5, 2005.

## LEGAL ARGUMENTS

A crewmember's employment contract is a maritime contract, the interpretation and enforceability of which is governed by federal maritime law. *Angeles v. Norwegian Cruise Lines, Inc*, 2002 WL 1997898, at *2 (S.D.N.Y. Aug. 29, 2002); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 220 (5th Cir. 1998); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991). Under established case law, forum selection clauses contained in crewmember employment contracts are *prima facie* valid and fully enforceable. *Angeles*, 2002 WL 1997898, at *2; *Marinechance Shipping, Ltd.*, 143 F.3d at 221. Therefore, this Court should dismiss this action, as the proper forum, according to Plaintiff's employment contract, is England.

## CELTIC'S FORUM SELECTION CLAUSE IN THE EMPLOYMENT CONTRACT IS FULLY ENFORCEABLE

Plaintiff's complaint against Carnival and Celtic must be dismissed because the Court lacks jurisdiction due to Plaintiff's failure to abide by the requirements of the forum selection clause in the employment contract which mandates that "[a]ny disputes relating to or arising from personal injuries to Hotel Services Staff during the currency of the Agreement will be governed by English Law and will be subject to the exclusive jurisdiction of the English Courts." See Lee Decl., Exhibit 2.

Forum selection clauses are presumed to be *prima facie* valid under federal maritime law. *See Marinechance Shipping, Ltd.*, 143 F.3d at 221. To overcome this presumption and to have a court set aside the forum selection clause, a seaman must make a "strong showing" that the clause is unreasonable. *Id.* A court may enforce contractual terms of an employment contract

2

which limits a seaman's rights concerning litigation if the clause: (1) was reasonably communicated to the seaman; and (2) complies with notions of "fundamental fairness." *Spataro v. Kloster Cruise*, 894 F. 2d 44, 46 (2d Cir. 1990); *Marek v. Marpan Two, Inc.*, 817 F. 2d 242, 245-46 (3d Cir.1987), *cert. denied* 484 U.S. 8852 (1987).

On numerous occasions, the federal courts have enforced forum selection clauses contained in cruise lines' passenger ticker contracts. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. at 590; *Gibbs v. Carnival Cruise*, 314 F.3d 125 (3d Cir. 2002); *Ferketich v. Carnival Cruise Lines*, No. 02-CV-3019, 2002 WL 31371977 (E.D.Pa. Oct. 17, 2002); *Igneri v. Carnival Cruise Lines, Inc.*, No. 95-CV-2859, 1996 WL 68536, at *2 (E.D.N.Y. Feb. 1, 1996); *Partesi v. Carnival Cruise Lines, Inc.*, No. 90-CIV-276, 1990 WL 302890 (D.N.J. Nov. 26, 1990). Although the federal courts have not had many opportunities to take up the enforcement of forum selection clauses in maritime employment contracts, the issue has been addressed by this Court in *Angeles v. Norwegian Cruise Lines*, 2002 WL 1997898, at *2.

In *Angeles v. Norwegian Cruise Lines, Inc.*, this Court expressly held that, but for a question of fact regarding notice, forum selection clauses contained in maritime employment contracts are fully enforceable. *Angeles*, 2002 WL 1997898, at *4. Ms. Angeles worked as a waitress on one of defendant's ships, pursuant to an employment contract entered into in the Philippines and signed by both parties. *Id.* at *1. The employment contract incorporated by reference the terms and conditions of employment contained in the Revised Standard Terms and Conditions, a supplemental document, which stated that "[t]he Philippine Overseas Employment Administration (POEA) or the National Labor Relations Commission (NLRC) shall have original and exclusive jurisdiction over any and all disputes or controversies arising out of or by virtue of this Contract." *Id.* at *4. Despite the forum selection clause, plaintiff filed suit in the

United States District Court for the Southern District of New York, pursuant to the Court's admiralty jurisdiction, 28 U.S.C. §1333, and making claims under the Jones Act, 46 U.S.C. §688 (current version at 46 U.S.C.A. §30505). Defendant thereafter filed a motion to dismiss due to the Court's lacking subject matter jurisdiction pursuant to the forum selection clause contained in the employment contract. *Id.* at *1.

In analyzing the validity of the forum selection clause, the District Court relied on the Supreme Court's decisions in *M/S Bremen v. Zapata Off-Shore*, 407 U.S. 1 (1972) and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991). In *M/S Bremen*, the Supreme Court held that forum selection clauses contained in commercial contracts are *prima facie* valid and enforceable, finding that:

> [M]uch uncertainty and possibly great inconvenience to both parties could arise if a suit could be maintained in any jurisdiction in which an accident might occur or if jurisdiction were left to any place where the [ship] might happen to be found. The elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting.

In *Shute*, the Supreme Court applied the *M/S Bremen* decision to enforce a forum selection clause contained in a passenger ticket contract. The *Shute* Court held that the forum selection clause, which designated Miami, Florida as the exclusive jurisdiction for litigation, was reasonable and enforceable.

The decision in *Angeles* suggests that the forum selection clause contained in cruise line's Revised Standard Terms and Conditions and incorporated by reference into plaintiff's employment contract was *prima facie* valid. The sole reason that the *Angeles* Court refused to grant defendant's motion for summary judgment and declined to enforce the forum selection clause at the onset of the litigation was because there was a question of fact as to notice,

4

specifically whether the plaintiff had been provided a copy of his terms and conditions of employment.

In the pending matter, no such question exists, as Celtic, through the Declaration of Benny C. B. Lee, has established that prior to the parties entering into their employment contract, Celtic reasonably communicated the terms of employment, including the forum selection clause, by providing Mr. Lopez with a copy of the "Terms and Conditions of Service Relating to Employees Serving in Cunard Ships: Hotel and Entertainment Department." See Lee Decl., Exhibit 2. The Employment Agreement, which was executed by both parties, specifically incorporates these Terms and Conditions by stating that, "Cunard Celtic Hotel Services Ltd., (hereafter Employer), as agent for this ship named below, agrees to employ: Anthony Lopez (hereafter Employee) in the capacity set forth below, and the Employee agrees to be so employed and to abide by the terms and conditions applicable to this Employment Agreement." See Lee Decl., Exhibit 1. Because Plaintiff was provided with a copy of the Terms and Conditions prior to his entering into the Employment Agreement, the pending matter can be differentiated from *Angeles* on the issue of notice, and therefore, this Court should enforce the forum selection clause.

In the *Angeles* decision, this Court alluded to its intention to follow the precedent set forth in *Marinechance Shipping v. Sebastian*, where the Court of Appeals for the Fifth Circuit held that forum selection clauses in seamen's employment contracts were enforceable. In *Marinechance Shipping*, two foreign seamen, both citizens of the Philippines, were injured while aboard their vessel, which was located in the navigable waters of the Mississippi River. *Marinechance*, 143 F.3d at 217. In anticipation of forthcoming litigation, the vessel owners filed suit in federal district court seeking a declaratory judgment that any litigation arising from the

seamen's injuries must proceed in the courts of the Philippines, pursuant to the forum selection clause contained in the seamen's employment contract. *Id.* The district court ruled in favor of the vessel owner, and the seamen appealed. *Id.* at 218.

The Fifth Circuit affirmed the district court's decision, equating foreign seamen's maritime employment contracts with cruise lines' passenger ticket contracts and the precedent in *Carnival Cruise Lines v. Shute*. *Id.* at 221. In *Marinechance*, the Court of Appeals held that:

> The contracts of employment for seamen aboard international vessels are routine; the seaman individually do not have much bargaining power. The selection of a forum in advance reduces the vessel owner's exposure to suits in forums all over the world. Furthermore, it informs the seamen of where their causes of action can be maintained. Where this case departs from *Carnival Cruise Lines* is that the forum selection clause was imposed by an arm of the Philippine government rather than by either party. This distinction does not alter the fact that the forum selection clause is fundamentally fair. We find, then, that the forum selection clauses in the seamen's contracts are enforceable.

*Id.* The pending matter before this Court stands on all fours with *Marinchance*, except that the forum selection clause in Plaintiff Anthony Lopez's contract was not imposed by a government agency but by contractual agreement with Defendant Celtic. Such a distinction, as asserted by the Fifth Circuit, is of no consequence. *Id.*

As stated by the Fifth Circuit, and acknowledged by this Court in *Angeles*, "forum selection clauses are important in international cases...because there is much uncertainty regarding the resolution of disputes." *Id.* at 220. In this case, where Plaintiff resides in India, where Defendant is located Hong Kong, and where the m/v QUEEN MARY 2 "travel[s] through many jurisdictions, and could become subject to the laws of a particular jurisdiction based solely upon the fortuitous even of an accident[, t]he elimination of all such uncertainties by agreement

in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting." *Id.* at 220 (citing *M/S Bremen*, 407 U.S. at 13-14).

## CONCLUSION

The federal courts have recognized the importance of enforcing forum selection clauses in maritime contracts, both for passengers and for crewmembers. In this case, the Terms and Conditions of the Employment Agreement between Plaintiff and Celtic contain a forum selection clause that dictates that "[a]ny disputes relating to or arising from personal injuries to Hotel Services Staff during the currency of the Agreement will be governed by English Law and will be subject to the exclusive jurisdiction of the English Courts." See Lee Decl., Exhibit 2. The Terms and Conditions of Plaintiff's employment were reasonably communicated and the Plaintiff had notice of the forum selection clause. Furthermore, as the forum selection clause encompasses all disputes arising from personal injuries suffered by crewmembers, the clause is applicable to Plaintiff's cause of action against Carnival plc. See Declaration of Frank Prowse. Therefore, Defendants respectfully request that this Court dismiss Plaintiff's complaint in its totality based upon Plaintiff's failure to bring suit in the contractually mandated jurisdiction.

Dated: New York, New York
      August 18, 2008

      Respectfully submitted,
      **Bennett, Giuliano, McDonnell & Perrone, LLP**
      Attorneys for Defendants
      Carnival, plc and Cunard Celtic Hotel Services, Ltd.

      By: _____
          Joseph J. Perrone (JP 6832)
          Matthew J. Cowan (MC 1481)

7